**SIGNED THIS: April 06, 2011**

_____

**GERALD D. FINES**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARK A. MELVIN and | ) | Bankruptcy Case No. 10-92360 |
| LINDA K. MELVIN, | ) | |
| | ) | |
| Debtors. | ) | |

OPINION

This matter having come before the Court on the Trustee's Report not Recommending

Confirmation of Chapter 13 Plan; the Court, having heard arguments of counsel and reviewed

written memoranda filed by the parties, makes the following findings of fact and conclusions of

law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1.      On November 18, 2010, the Debtors filed a voluntary petition for Chapter 13

relief, their Schedules, and their Chapter 13 Plan.

2.      On January 14, 2010, the first meeting of creditors was held.

3.      At the meeting of creditors, it was revealed that the Debtors had an interest in the Estate of Orville Melvin.

4.      On March 1, 2011, the Debtors amended their schedules to include the $12,600 inheritance from the Estate of Orville Melvin and to exempt $3,087, by using the remainder of their wildcard exemption.

5.      There is no dispute over the value of the inheritance or the amount entitled to an exemption.

6.      On March 20, 2011, a hearing was held, and the Debtors and Trustee were given 14 days to file briefs regarding the treatment of the inheritance.

7.      The parties have filed their briefs, and the matter is now ripe for decision.

<u>Conclusions of Law</u>

The issue in this matter is whether the inheritance is disposable income which should be paid into the Debtors' Chapter 13 Plan, together with the payments already proposed, or if the inheritance is an asset of the Debtors' bankruptcy estate whose value must be paid through the Debtors' Plan to meet the liquidation analysis required by 11 U.S.C. § 1325(a)(4).

Title 11 U.S.C. § 101(10A) states:

(10A)  The term "current monthly income" -

> (A)    means the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income, derived during the 6-month period ending on - . . .

Title 11 U.S.C. § 1325(b)(2) states:

(2)     For purposes of this subsection, the term "disposable income" means current monthly income received by the debtor (other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child) less amounts reasonable necessary to be expended - . . .

2

It has been held that the only exclusions from the definition of "disposable income" are those exclusions set forth in 11 U.S.C. § 101(10A) and 11 U.S.C. § 1325(b)(2).  See:  In re Forbish, 414 B.R. 400 (Bankr. N.D. Ill. 2009).

The Debtors argue that the subject inheritance is not income which needs to be paid through the Debtors' Chapter 13 Plan, together with the payments already proposed.  In support of their position, the Debtors' cite In re Wagner, 808 F.2d 542 (7th Cir. 1986), which held that "gross income" as it appears in the Bankruptcy Code should be interpreted in accordance with the Internal Revenue Code.  The Debtors further cite 26 U.S.C. § 102(a) for the proposition that gross income generally does not include the value of property acquired by inheritance.  In reviewing the authorities cited by the Debtors, the Court finds that In re Wagner, supra, is a pre-BAPCPA case, and, as such, is not controlling of the issue in this matter.

Following the enactment of BAPCPA, this Court finds that 11 U.S.C. § 101(10A) and 11 U.S.C. § 1325(b)(2) control the definition of income.  The Bankruptcy Code has clearly rejected the taxation limitation on the definition of income.  Under the clear provisions of the Bankruptcy Code, the Court must conclude that the subject inheritance is income which should be paid into the Debtors' Chapter 13 Plan in addition to the payments already proposed.

Under the undisputed facts before the Court, it is clear that, if the Court were to follow the argument espoused by the Debtors, the Debtors would experience a windfall at the expense of their creditors.  If this matter were not in bankruptcy, the inheritance would be subject to turnover to the Debtors' creditors, and this Court can find no authority to allow the Debtors to receive a windfall while in bankruptcy, thus denying their creditors a share of their inheritance. It has been generally held that, "unanticipated windfalls should inure to the benefit of the creditors, not the debtor."  In re Bostwick, 127 B.R. 419 (Bankr. N.D. Ill. 1991).  This Court concurs with the ruling in In re Bryant, 47 B.R. 21 (Bankr. W.D. N.C. 1984), that it is "not the design of the bankruptcy laws to allow the debtor to lead the life of Riley while his creditors suffer on his behalf."  The Debtors' inheritance in this case is found to be income which must be

3

paid into the Debtors' Chapter 13 Plan in order for the Debtors to meet the confirmation requirements of 11 U.S.C. § 1325.

###